# Bolton *v.* Central Pennsylvania Traction Company, Appellant.

*Negligence—Damages—Exaggeration of injuries—Evidence.*

In an accident case where the defense charges simulation or at least gross exaggeration of injuries, and where the medical evidence is conflicting, it is proper for the trial judge in his charge to refer specifically to the subject of interest in the plaintiff, and to dwell somewhat on the weight of the other evidence; but he is not bound to do so. If he correctly instructs the jury as to their duty, in considering the weight of the evidence and the credibility of the witnesses, he cannot be charged with error in not going further.

Argued June 3, 1907. Appeal, No. 2, May T., 1907, by defendant, from judgment of C. P. Dauphin Co., January T., 1905, No. 507, on verdict for plaintiff in case of Edwin G. Bolton et al. v. Central Pennsylvania Traction Company. Before MITCHELL, C. J., FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KUNKEL, P. J.

The opinion of the Supreme Court states the case.

Verdict for Sadie Bolton for $3,000, and for Edwin G. Bolton for $500. Defendant appealed.

*Errors assigned* among others were (1, 2) the instructions quoted in the opinion of the Supreme Court.

*Wolfe & Bailey*, for appellant.

*C. H. Bergner*, for appellees.

PER CURIAM, June 25, 1907:

It was conceded by the defendant at the trial that the conductor had negligently started the car while the plaintiff was getting off. As said by the judge in his charge "the real question in the case is what were the injuries, if any, which the plaintiff received." These were claimed to be bruises on the elbow, the back and the knee, only the last being at all serious or continuing, and their existence resting on the testimony of plaintiff herself, supported to some extent by that of one of the doctors. On the other side was rather a strong array of medical testimony that her knee was not injured at all and her leg had all its normal sensation and action.

The defendant presented a point for charge that "it is the duty of the jury, in considering the relative value attaching to the testimony of the witnesses in this case, to bear in mind that the plaintiffs, Mrs. Bolton and her husband, have a direct and pecuniary interest in the outcome of the case," to which the judge answered "That we affirm. Of course, gentlemen of the jury, the credibility of the witnesses is for you; you are to determine their credibility from the manner of their testifying, from the inherent probability of their statements, and from any matter that may suggest itself to you as throwing light upon the credibility of the witnesses not only of the plaintiff and her husband, but of all the witnesses, those on the part of the plaintiff and those on the part of the defendant."

And a further point, that "the unanimous testimony of the four medical witnesses, Drs. Stevens and Hamilton, Drs. Ellenberger and Coover—the last two called by the court—being that there is no evidence of a present injury to Mrs. Bolton, or of a permanent injury, except that furnished by her own statements and to some extent by Dr. Best, such testimony should not be lightly disregarded by the jury," was answered: "To that we say, gentlemen of the jury, you will consider, as we have already said, the testimony of these physicians who examined the plaintiff, you will consider the circumstances under which the examination took place, the character of the examination and the conclusions reached by the physicians, and we say to you that the weight which ought to be attached to the opinions they have given is entirely for you. You are to consider how far they may be relied upon and what weight

shall be given to them in the determination of the case. We have no right to say to you that you are to consider the testimony of one witness as more weighty than the testimony of another. The credibility of the witnesses, the weight of the evidence, is entirely for you."

In a case of this character, resting so largely on the plaintiff's own testimony and where the defense charges simulation or at least gross exaggeration of injuries, it would be quite proper for the judge to refer specifically to the subject of interest in the witness, and to dwell somewhat on the weight of the other evidence. But he was not bound to do so. The case was necessarily for the jury, and having given them correctly the general rules on the subject it was not error to go no further. If the jury rendered an unsatisfactory verdict the remedy was a new trial.

Judgment affirmed.