## Chartiers Valley B. & L. Association v. Ende.

*Appeals—Judgment—Opening judgment—Opinion of the court below—Rule 58—Abuse of discretion.*

1. Where the court opens a judgment entered on an affidavit of defense, on petition and answer only, without depositions, and without filing an opinion, and counsel for plaintiff does not request the court to file an opinion as provided by Rule 58, although he had ten months in which to do so, the appellate court will not entertain a complaint that the court below abused its discretion in opening a judgment as to which no adequate defense was offered.

2. Rule 58, which provides: "Immediately upon taking his appeal, appellant shall serve notice thereof,......if the appeal relates to any order......for which the reasons do not already appear on record, on the judge who entered it......Upon receipt of such notice, the court below shall forthwith file of record at least a brief statement of the reasons for such order......in the form of an opinion, which shall be attached to the record, and printed," does not contemplate a lengthy opinion, but leaves it to the judge who writes it to determine to what extent discussion of the principles of law involved and citations of authorities, if any, shall be included.

Argued October 10, 1924. Appeal, No. 102, Oct. T., 1924, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1923, No. 2429, opening judgment in case of Chartiers Valley Building & Loan Association v. Oswald Ende. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ. Appeal dismissed.

Petition to open judgment. Before CARPENTER, J.
The opinion of the Supreme Court states the facts.
Judgment opened. Plaintiff appealed.

*Error assigned* was order, quoting record.


*Charles H. Sachs,* of *Sachs & Caplan,* with him *Joseph Goldsmith* and *Edwin B. Goldsmith,* for appellant.


*Elder W. Marshall,* of *Duff, Marshall & Davis,* for appellee.


PER CURIAM, November 24, 1924:

Judgment for want of an affidavit of defense was opened by the court below, and plaintiff has appealed.

The record for review consists of a petition, with a proposed affidavit of defense attached, and an answer to the petition. Because no depositions were taken, appellant urges we ought to treat the averments of the answer as true, and that, upon a consideration of them and of the affidavit of defense,—which latter he alleges is evasive and insufficient,—we should hold the court below abused its discretion in opening a judgment as to which no adequate defense was offered.

Rule 58 of this court provides: "Immediately upon taking his appeal, appellant shall serve notice thereof ......, if the appeal relates to any order...... for which the reasons do not already appear of record, on the judge who entered it......Upon receipt of such notice, the court below shall forthwith file of record at least a brief statement of the reasons for such order......, in the form of an opinion, which shall be attached to the record, and printed."

Although he had ten months, after the judgment was opened, in which to obtain the required opinion, counsel for appellant admitted at bar that no attempt had been made by him to comply with the above rule. As a result, we have not the benefit of a statement by the court below of the reasons that moved the exercise of its discretion, and hence appellant is now, in effect, in the position of requesting us to substitute ourselves for that tribunal and, for the first time, to pass in detail on the

averments of the statement of claim and the answers thereto in the affidavit of defense. This we should not be asked to and will not do.

The rule requiring an opinion from the court below in cases such as the present, is one with which counsel can obtain compliance if they do their part. The rule is not onerous; it does not contemplate a lengthy opinion, accompanied in all instances by discussions of the law and citation of authorities; but, as therein provided, it does require "a brief statement of the reasons" for the decision appellant seeks to have reviewed. In each instance, it is for the judge who writes such a statement to determine to what extent discussion of the principles of law involved and citations of authorities, if any, shall be included. Here, as said before, no effort was made to obtain an opinion from the court below; under the circumstances, we will not review its action in opening the judgment, but shall assume the order complained of presents a proper exercise of discretion.

The appeal is dismissed.