## Dobson et ux., Appellants, v. Crafton Borough.

Argued March 24, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harry Diamond,* with him *Thos. F. Garrahan,* for appellants.

*William H. Eckert,* with him *Robert S. Chess* and *Smith, Buchanan, Scott & Gordon,* for Crafton Borough, and *John D. Meyer,* for additional defendant.

OPINION BY MR. JUSTICE DREW, April 23, 1934:

This action of trespass was brought by Jane Dobson and her husband against the Borough of Crafton to recover damages for injuries alleged to have been sustained by Mrs. Dobson as the result of a fall on the sidewalk in

front of the home of the additional defendant. The jury returned a verdict for defendant. Plaintiffs thereupon filed a motion for a new trial, which was sustained by a court composed of the trial judge and one other judge. Upon petition of the borough, a reargument was ordered and heard before a court consisting of the two judges who heard the first argument and a third judge. Thereafter an order was entered vacating the previous order and refusing the motion for a new trial, the trial judge dissenting. Judgment was entered upon the verdict and plaintiffs appealed, assigning as error the refusal of their motion for a new trial.

The accident occurred about four o'clock on the afternoon of February 15, 1929. Mrs. Dobson testified that as she was walking along the sidewalk, which was covered with snow, "something hit her foot" and she lost her balance and fell. She stated that after she had been lifted up she noticed, at the place where her clothing had brushed the snow, a "ridge of ice about three or four inches high, three or four inches thick and about a foot long." She stated further that it had been about two months since she had last walked on the sidewalk in question, and that she saw nothing but snow on it before she fell. Five witnesses for plaintiffs, four of whom saw Mrs. Dobson fall, said that at the spot where her clothing had brushed away the surface snow there were a number of ridges of ice, of the approximate size described by her, and that these ridges were covered by fresh snow, which had fallen that day or the day before. Two of the witnesses stated that the ridges had been present continuously for about ten days or two weeks before the accident.

On the other hand, a number of witnesses for defendant stated that there were no ridges of ice on the sidewalk, that the sidewalk had been cleaned on the morning of the accident, and that no snow fell on that day. Plaintiffs' testimony was also contradicted by official weather reports taken not only in Pittsburgh, three or four miles

away, but also at Ingram, less than a mile from the scene of the accident, which showed that there was no precipitation—rain or snow—on the day of the accident, and not more than a trace, too small to be measured, on any of the five days next preceding.

It was urged by plaintiffs, in support of their motion for a new trial, that the verdict was against the weight of the evidence. The court held otherwise at the reargument, and a careful examination of the entire record has convinced us that this was no mistake. The court certainly did not abuse its discretion in so doing, and its action must therefore be affirmed: Pfeffer v. Johnstown, 287 Pa. 370; Hardy v. Millers Mut. Fire Ins. Assn., 293 Pa. 9. Plaintiffs argue, however, that a different result must be reached where the trial judge dissents from the refusal of a motion for a new trial. We cannot agree with this contention. Where a motion for a new trial is heard before a court in banc, it is the duty of all the sitting judges not only to hear the motion but subsequently to meet together, and discuss and determine the matters presented to them: Gail v. Phila., 273 Pa. 275; Zimmerman v. P. R. R. Co., 293 Pa. 264. A proper deference, of course, should be paid to the opinion of the trial judge, who saw and heard the witnesses, but if a majority of the court, after hearing and weighing his views, and after considering the testimony, the verdict of the jury, and the arguments of counsel on the motion, are convinced that a new trial should be refused, and no abuse of discretion appears, the order refusing a new trial will be affirmed.

There is no merit in the other questions raised, and no useful end would be served by a discussion of them.

Judgment affirmed.