Iacovino, Appellant, *v.* Caterino et al.

Argued October 2, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher,* for appellant.

*C. Ward Eicher,* with him *Alex Eicher,* of *Eicher & Eicher* and *Lee W. Eckels,* for appellees.

PER CURIAM, November 27, 1939:

After a verdict had been returned in favor of plaintiff, defendants moved for judgment n. o. v. and a new trial. The motion for judgment was granted but was reversed by this court on appeal (*Iacovino v. Caterino,* 332 Pa. 556), and the case returned to the court below to dispose of the motion for a new trial. Thereupon the motion for a new trial was overruled by the learned trial judge, without concurrence of any other judge of the court en banc. Judgment was entered on the verdict,

and then defendants petitioned the court for a reargument of the motion for a new trial. The court en banc heard the argument and, upon a review of the whole case, set aside the order of the trial judge and granted a new trial. This appeal followed.

The action of the learned trial judge in overruling defendants' motion for a new trial, without the concurrence of either of the other judges of the court en banc, was a nullity. Motions for new trials are required by law to be heard by the court en banc; and it is the duty of all the sitting judges not only to hear the motion, but subsequently to meet together, and discuss and determine the matters presented to them: *Dobson v. Crafton Borough*, 315 Pa. 52, 55; *Gail v. Philadelphia*, 273 Pa. 275, 279. A failure to conform to this practice constitutes reversible error: *Zimmerman v. Pennsylvania R. R. Co.*, 293 Pa. 264, 267. After the reargument, the court en banc concluded, the trial judge concurring, that a new trial should be had, and it was so ordered. This was proper procedure and was the only action of the court on the original motion.

The granting of the new trial set aside both the verdict and the judgment, without any specific mention of either: *Giles v. Ryan*, 317 Pa. 65, 69; *Lance v. Bonnell*, 105 Pa. 46, 48.

Decree affirmed; costs to be paid by the appellant.