Iacovino, Appellant, *v.* Caterino et al.

Argued March 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

Fred B. Trescher, of Kunkle, Trescher & Snyder, for appellant.

Lee W. Eckels, with him C. Ward Eicher, of Eicher & Eicher and Thorp, Bostwick, Reed & Armstrong, for appellees.

OPINION BY MR. JUSTICE PATTERSON, May 22, 1944:

This is an action in assumpsit by Christine Iacovino, appellant, against John Caterino, Mary Colangel, Susan Iacovino, and Elsie Carmosino, appellees, to recover $3,500, her distributive share under a family settlement. This case has been before this Court twice. In *Iacovino v. Caterino*, 332 Pa. 556, we held that under the circumstances the court below could not enter judgment non obstante veredicto in favor of the defendant, and the issue, being purely one of fact, was a matter for a jury to determine. The case was remanded with a direction to dispose of the motion for a new trial. In *Iacovino v. Caterino*, 336 Pa. 308, the action of the court below granting a new trial was affirmed. The case was retried and a jury returned a verdict for appellees. This appeal is from the refusal of the court below to award a new trial for alleged error in the charge of the trial judge.

The parties hereto are children of Amelia and Michael Caterino, who died intestate in December, 1932, and February, 1933, respectively. In April of 1933, a family settlement providing for a partial distribution was entered into and reduced to writing whereby the share of each child was determined to be $3,500. Paragraph 3 of the settlement agreement provided: "Note owed by Mary Colangel to estate of $4,200. Share of Christine Iacovino is to be taken from that note, paying off debt owed to Mary Colangel and balance to pay off on mortgage on home of Christine Iacovino, thus she receives $3,500 of her share." This arrangement left

$700 due and owing the estate by Mary which was not included in the settlement, and distribution of same was deferred until final liquidation. The amount which Christine owed to Mary is in dispute, appellees contending it to be $2,430.32 and appellant denying any indebtedness. Mary and her husband, Achille F. Colangel, held record title to the home of Christine, referred to in the agreement. Appellees contend that pursuant to the agreement Mary Colangel and her husband conveyed the same to Christine on May 13, 1933, encumbered with a first mortgage of $2,000, that they had paid $900 in satisfaction of a second mortgage, and cancelled the obligation which Christine owed to Mary. As a result of this transaction Mary remained indebted to Christine in the amount of $169.68, payment of which was also deferred until final settlement of the estate. Christine defaulted in payment of interest on the said mortgage and on May 3, 1935, the property was sold at sheriff's sale on foreclosure proceeding.

Appellant seeks to recover the $3,500 from appellees upon the theory that she was not at the time of the signing of the agreement indebted to Mary and was, therefore, entitled to receive the property free of all encumbrances.

The existence of the obligation between Mary and Christine arose in the following manner: In 1921, appellant and her husband, Nicolo, purchased a home. They secured a first mortgage of $3,000 and borrowed $2,000 from Mary and her husband for which a judgment note was given which subsequently became a lien. In 1930, the first mortgagee threatened foreclosure. Appellees' testimony shows that Mary and her husband arranged to take title to the property encumbered with the first mortgage and to execute an additional mortgage in the sum of $1,000, payable to Elizabeth I. Wilson. They were to retain title until such time as appellant and her husband were financially able to assume the mortgage and pay off the debt to Mary and her husband. At the insistence of the first mortgagee

the judgment which had been entered upon the $2,000 · note was satisfied of record although, in fact, it had not been paid. Appellant denies the existence of any agreement that title was to be held by Mary and her husband for her benefit, and attempted to prove that the note was in fact paid. There is evidence of total payments of $1,905 to Mary which appellant testifies was payment for rent. Appellees, however, credit the amount paid on account of interest, taxes, and different expenses owed on the property. As part of her proof appellant testified that tender of a deed of reconveyance, representing an offer on her part to rescind the entire transaction, was made. This was denied by appellees.

At the trial counsel stipulated that the claim was to be limited to the sum of $3,500 with the understanding that appellant would not be precluded from later claiming any money due her at the final settlement of the estate. The case was submitted to a jury which was instructed to return a verdict either for the appellant in the amount of $3,500 or for appellees; that appellant's theory of the case was rescission of the family agreement and that it was therefore necessary that a valid offer be made to return all property and money which she had received; that whether such offer was made, whether at the time of the family settlement Christine owed any money to Mary, and whether at the time of the original conveyance to Mary and her husband there was an understanding that title was to be held for appellant, were all facts to be determined by the jury. A verdict was returned in favor of appellees. A motion for a new trial was refused. This appeal followed.

In *Iacovino v. Caterino,* 332 Pa. 556, we considered the question of the proof of the existence of the debt and held that under the circumstances it was the province of the jury to determine whether a debt was owed by Christine to Mary. Whether a valid offer to rescind was made by appellant was also a fact to be determined by the jury. These questions were properly submitted to

402

the jury as directed. We find nothing to justify this Court in disturbing the action of the court below. Judgment affirmed.