## Galante v. West Penn Power Company, Appellant.

Argued March 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*William A. Challener,* with him *William A. Challener, Jr.,* for appellant.

*John B. Nicklas, Jr.,* of *McCrady, Nicklas & Hirschfield,* with him *E. B. Wolfe,* for appellee.

OPINION BY MR. JUSTICE LINN, May 22, 1944:

Defendant appeals from an order granting a new trial. Amelia Galante on behalf of herself and her minor daughter sued for damages resulting from injury to the minor who was struck by an automobile. The case was first tried in November, 1941, when the jury found for the mother in the sum of $500 but could not agree on a verdict for the minor. Judgment was entered on the verdict for the mother and was paid. In June, 1942, the minor's case was tried with a verdict for the defendant. June 18, 1942, plaintiff filed a motion for a new trial which was granted September 13, 1943, the trial judge dissenting.

In an opinion written by Judge MCDONALD, he states that the court in banc which heard the motion was composed of Judge DITHRICH, who was the trial judge, Judge MUSMANNO and himself. Speaking of the reasons assigned in plaintiff's motion for a new trial, he says, "Only one of these eight reasons was treated seriously by the Court en banc in its discussions after the oral argument, and since Judge MUSMANNO has sent word to us that he believes that a new trial should be granted in this case, but without stating any reasons for such belief, we assume that his reason is the one which I shall discuss in this opinion since that is the only reason for granting a new trial which was discussed by the Court en banc and in which I agree with Judge MUSMANNO."

It would be idle for us to speculate about the views of the judge who was not present when the decision on the motion was to be made; obviously, if instead of "sending word" he had been present and listened to the consultation, his final conclusion might have differed from the word he sent.[1] The remedy for Judge MUSMANNO'S absence, when it was found that Judge MCDONALD differed from Judge DITHRICH, the trial judge, was to have a re-argument before three judges. On this record, we can therefore attach no importance to Judge MUSMANNO'S participation.

We must next consider the difference of opinion expressed by Judge MCDONALD from that expressed by Judge DITHRICH, in his dissenting opinion. Judge MCDONALD apparently knew the case from reading part[2] of the record submitted to him and from the arguments presented when the motion was heard. On the other hand, Judge DITHRICH became familiar with the case as it was developed during the trial. He therefore had a great advantage, in subsequently weighing the probable effect of the challenged step in the trial, over a judge who was not present at the trial.

The difference between the two judges grew out of the calling of Dr. Wagner and of the submission of his evidence to the jury. The learned trial judge stated to the jury that the witnesses to the accident, called by the plaintiff, gave an account of it diametrically opposed to that given by the witnesses called by defendant. According to one side, the minor was injured, while exercising due care, in crossing the street between blocks; according to the other side, the minor darted out from

---

[1] Compare *Dobson v. Crafton Borough*, 315 Pa. 52, 55, 172 A. 109; *Iacovino v. Caterino*, 336 Pa. 308, 9 A.2d 620.

[2] In his opinion he states: "The complete testimony in the second trial has not been transcribed (or if transcribed, it has not been supplied to us). However, enough of it has been transcribed to enable us to discuss the question with which we are now concerned."

between cars parked four feet apart, in circumstances in which the defendant was not negligent in striking her. It was conceded that the minor was injured; the controlling issue was not the extent of her injury, but whether defendant was negligent.

Rule 212 of the Pa. Rules of Civil Procedure is entitled "Pre-Trial Conference." It includes the following: "In any action the court, of its own motion or on motion of any party, may direct the attorneys for the parties to appear for a conference to consider . . . (d) The limitation of the number of expert witnesses; . . . (f) Such other matters as may aid in the disposition of the action.

"The court may make an order reciting the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and limiting the issues for trial to those not disposed of by admissions or agreements of the attorneys. Such order when entered shall control the subsequent course of the action unless modified at the trial to prevent manifest injustice.

"The court may establish by rule a pre-trial list on which actions may be placed for consideration as above provided, and may either confine the list to jury actions or to non-jury actions, or extend it to all actions."

Pursuant to that rule, the Common Pleas of Allegheny County adopted Pre-Trial procedure rules providing that the parties shall "Make preparation to agree, if possible on the number of expert witnesses to be called and/or the appointment by the court of an impartial expert nominated by the court with counsel's approval. The expenses of this impartial expert may be borne by both sides, or taxed as part of the costs by agreement of counsel."

A pre-trial conference was held in this case and the following order was made by the court: "And now, September 10, 1941, this case having come on to be heard at Pre-Trial hearing, at the suggestion and by stipulation of counsel for the plaintiff and for the defendant,

the Court appoints Dr. J. Huber Wagner, Carnegie Building, Pittsburgh, Pennsylvania, as an impartial physician and directs that the said doctor make an examination of the plaintiff; a written report thereof to be sent to the Court, and that he be prepared to appear in Court and testify as to his examination and conclusions on Tuesday, September 30, 1941; the fees for such impartial witness, it is agreed by stipulation of counsel, shall be fixed by the Court and taxed as part of the costs in the case." Neither side challenged the validity of that order.

With respect to Dr. Wagner's evidence, the record shows: "Mr. Challener: If the Court please, Dr. J. Huber Wagner is now present to make a report to the court as authorized by agreement of counsel and an order of court. The Court: Do you rest, Mr. Challener? Mr. Challener: Yes, but with the stipulation that Dr. Wagner is to make his report. The Court: Yes." The record then shows the following: "Dr. J. Huber Wagner, having been duly sworn, testified as follows: Mr. Nicklas: We wish to object to this manner of procedure; we do not object to the competency of the witness but we do object to the manner of procedure and feel that the interrogation of this witness should be by the defendant's counsel, and that this is prejudicial to the plaintiff. The Court: It appearing in the record that by Order of Court filed September 10, 1941, the court appointed, at the stipulation of counsel for both parties, Dr. J. Huber Wagner for the purpose of making an examination of the minor plaintiff and making a report to the court—this having been done by order of Judge RALPH H. SMITH at Pre Trial—the objection is overruled. Exception noted."

In response to questions by the court, Dr. Wagner then testified that he examined the minor plaintiff and gave the results of his examination; at the conclusion of that examination, the court turned the witness over for cross-examination and he was cross-examined by

counsel for the plaintiff and by counsel for the defendant.

Toward the end of the charge, the learned trial judge instructed the jury: "Now, in connection with the testimony of Dr. Wagner I have been asked to charge you, by counsel for the plaintiff, as follows: 'The testimony of the expert, Dr. J. Huber Wagner, appointed by the court to make an examination of the minor plaintiff and report his findings, is not entitled to any more weight than the testimony of the other medical witnesses in the case. His testimony is to be treated like that of any other witness subpœnaed by either side, and his testimony is received subject to the same rules of evidence as that of any other witness of the same general character. The mere fact that he is appointed by the court does not, of itself, indicate that his qualifications or experience or reputation are better than that of any other medical witness nor that his opinion is to be given any greater weight by the jury, because of the fact that he has been appointed by the court. The jury should weigh the evidence along with the other medical evidence in the case, and may reject or accept any part or the whole of his testimony.' That applies to Dr. Wagner the same as it applies to Dr. Voight Mooney and the same as it applies to Dr. Wallace and the same as it applies to Dr. Thomas. It is for you to say what weight is to be given to the testimony. The court rules on the admissibility of the evidence; the weight to be given to it is entirely for you." Judge McDONALD, in his opinion, states that the affirmation of plaintiff's point for charge ". . . was an absolutely correct statement of the law."

We can find nothing in receiving Dr. Wagner's evidence nor in the charge concerning it which could be considered prejudicial or unfavorable to the plaintiff's contention that defendant was negligent. As the issue of fact was whether her injury resulted from negligence or from mere accident and as the jury found for the defendant on the main issue, it is quite obvious that Dr. Wagner's evidence cannot be considered harmful.

Although Judge McDonald states that of the eight reasons assigned by plaintiff for a new trial, the only one entitled to serious consideration was the calling of Dr. Wagner as a witness, we have examined the others in the light of the charge and agree with both judges that they show no reason for a new trial. We must therefore conclude with the learned trial judge that it was an abuse of discretion to grant a new trial. Being of this opinion, we find no reason to return the record to have the motion considered by another court in banc.

Order reversed and record remitted to the end that judgment may be entered on the verdict.