## Kissell, Appellant, *v.* Kissell.

Argued March 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*William P. Wilson*, with him *J. Roy Lilley* and *Lilley & Wilson*, for appellant.

*Maurice L. Epstein*, for appellee.

OPINION BY ROSS, J., July 23, 1948:

In this divorce case, the libellant husband has appealed from the refusal of a divorce on the ground of fraud. The case was heard by the court below without a jury.

The parties first met on October 31, 1945 and were in each other's company once or twice a week until their marriage on December 21, 1945. On July 31, 1946, the respondent gave birth to a child. The libellant denied paternity, refused to remove the respondent and the child from the hospital and on September 12, 1946 filed his libel in divorce averring that "The marriage was procured by fraud . . . to wit, at the time of the marriage, and unknown to the libellant, the respondent was pregnant by reason of an act of intercourse with a person other than the libellant". The respondent's answer denied that she was pregnant at the time of marriage.

Under section 10(g) of The Divorce Law of May 2, 1929, P. L. 1237, 23 PS sec. 1 et seq., fraud is a ground for divorce in Pennsylvania unless the marriage is con-

firmed—which was not done in this case—subsequent to the discovery of the fraud. It is admitted that the parties did not have sexual relations with each other prior to the marriage, and if at the time of the marriage the respondent was pregnant as a result of intercourse with another than the libellant and she concealed this fact from the libellant, he would be entitled to a divorce on the ground of fraud. *Allen's Appeal,* 99 Pa. 196; *Ingram v. Ingram,* 91 Pa. Superior Ct. 82. See also annotation on concealment of pregnancy as ground for annulment of marriage or divorce in 13 A. L. R., starting on page 1435.

The libellant had the usual burden of proving his case by clear and satisfactory evidence, and unless there is a preponderance of the evidence in his favor the divorce must be refused. *Sleight v. Sleight,* 119 Pa. Superior Ct. 300, 181 A. 69.

The child was born 222 days [1] after the marriage and the factual question at issue is whether it was conceived before December 21, 1945, the date of the marriage. Libellant, to establish that the child was conceived prior to the marriage, relied upon the testimony of two expert witnesses, Dr. Schwartz, who saw the baby four days after its birth, and Dr. Stedge, who never saw the baby but based his testimony on its case history. Dr. Schwartz, basing his testimony on the appearance of the child, including its color, eyebrows and weight, testified: "Q. What is your opinion as to whether or not that was a fully developed baby? A. It was my opinion at that time and still is that the child was a normal birth and the period of gestation normal. Q. How long a time is a normal period of gestation? A. 270 to 280 days." Dr. Stedge testified: "According to the description of the baby, its weight, its reactions after born, and the care which was used at the Mills Hospital, it is my opinion

---

[1] For a comprehensive discussion of the varying periods of pregnancy, see the opinion of Judge HIRT, filed this day in the case of *Commonwealth v. Young,* 163 Pa. Superior Ct. 279, —— A. 2d ——.

it was a full-term baby." He further testified that in his opinion the child could not have been conceived after the marriage on December 21, 1945.

The respondent introduced the testimony of Dr. Newhart, who had given her pre-natal attention and delivered the child. He testified that he made internal examinations of the respondent on April 2, 1946, April 25, May 23, "some date in June", and on July 25—six days before the birth of the child. He also testified as follows: "Q. Your professional opinion is that from the findings she was pregnant only three months on April 2, 1946, is that right? A. That is right. Q. Can you definitely say as a practising physician, in the line of pre-natal history and examinations of the patient and the examinations of the baby, that this was not a full-term baby? A. I would like to emphasize in the light of all three matters, I would say this was not a full-term child in the light of pre-natal examination and history of the case and the examination of the baby." He further testified that the "usual period of gestation of a full-term baby" is "Ten lunar months, nine calendar months or two hundred eighty days", and that "I could not tell and no one could tell whether it was a full-term child or not from examination of the baby"; and that a "non-full-term baby" can be a normal baby, as this appeared to be.

The respondent testified that she never had intercourse with any other man than the libellant and that he is the father of the child, and the libellant introduced no testimony to show respondent's association with other men from which it could possibly be inferred that some other man was the father of the child.

The qualifications of the three doctors who appeared as witnesses are not questioned but certainly the testimony of the doctor who attended the respondent for many months prior to the birth of the child and delivered it is entitled to far more weight than the purely expert opinion testimony of the others; at least we—like the learned court below—so regard it.

Although we are required to consider all the evidence and arrive at our own conclusion thereon—which we have done—the conclusions of the trial judge, who heard the testimony and saw the witnesses, are entitled to careful consideration on appeal and will not be lightly disturbed. *Othmer v. Othmer,* 158 Pa. Superior Ct. 384, 45 A. 2d 389; *McKrell v. McKrell,* 352 Pa. 173, 42 A. 2d 609.

From our examination of the record in this case we agree with the conclusion of the trial judge that "the libellant has not met the burden of proof entitling him to a divorce". Although not required to do so, we would go even further and conclude that the preponderance of the evidence is with the respondent who, of course, does not have the burden of proof.

Decree refusing divorce affirmed.