Kearney, Appellant, *v.* McCauley et ux.

Argued September 28, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James Gregg,* with him *Louis E. Sensenich* and *Portser, Gregg & McConnell,* for appellant.

*Carroll Caruthers,* with him *Paul J. Abraham,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, November 8, 1948:

This was an action of assumpsit on an alleged oral agreement entered into on April 6, 1939, contemporaneously with the execution and delivery of a deed, from the plaintiff to the defendants, whereby the defendants

were to reconvey the said property to the plaintiff, within a reasonable time, for the sum of $5,191, plus interest on $3,800 from April 6, 1939, on the theory that the agreement created a trust in said property for the use and benefit of the plaintiff.

On November 1, 1945, defendants entered into an agreement to sell the property to other persons. The suit was to recover the difference between the amount they received on the sale and the alleged agreed price.

The jury returned a verdict in favor of the plaintiff for $7,000. Four days later, on May 19, 1947, each of the defendants filed motions for judgment n. o. v. and for a new trial. The case was argued before the court en banc, consisting of Judges KEENAN, LAIRD, and MC-WHERTER. Judge KEENAN'S term of office expired on January 4, 1948. Judge BAUER'S term of office commenced on the following day. On February 2, 1948, Judge MCWHERTER filed an order setting forth that, "the term of President Judge J. HILARY KEENAN having expired without passing on this case, and the remaining two Judges who heard the argument in this case having failed to agree, it is ordered that the papers in the case be referred back to the office of the Prothonotary". The case was then placed on the Argument List to be heard by the court en banc.

On February 14, 1948, counsel for the plaintiff paid the jury fee and directed the prothonotary to enter judgment on the verdict. No notice of the entry of the judgment was given to either the defendants or their attorneys prior to March 29, 1948, when the case was called for argument before the court en banc, at which time the counsel for the plaintiff announced to the court that he had entered judgment on February 14, 1948, and that the questions on the motions were therefore moot, and had given no notice to the attorneys for the defendants, of his action in so entering judgment. On April 14, 1948, the appellees filed their petition to open the judgment. A rule was entered on the appellant to show cause why

the judgment should not be opened and the defendants permitted to make a defense thereto. The rule was returnable 10 days after service. The answer of the appellant was filed April 25, 1948. On May 3, 1948, the decree by Judge BAUER, concurred in by Judge LAIRD was entered granting a new trial, vacating and striking off the judgment, and overruling the motion for judgment n. o. v. Judge McWHERTER filed a dissenting opinion.

It is the appellant's contention that where a motion for a new trial is argued before a court en banc of three judges and one member of the court retires from office before the case is disposed of, and the remaining two judges disagree, that a valid judgment can be entered on the verdict. The court below that passed on this question decided, with one judge dissenting, that a judgment could not be entered on the verdict. With this we agree. In the opinion of Judge BAUER, of the court below, he says: "Judge GEORGE H. McWHERTER in his order of February 2, 1948, *supra*, definitely sets forth that Judge J. HILARY KEENAN'S term of office expired and that Judge KEENAN did not pass on the case. In other words Judge KEENAN did not take any action on the case, which our Supreme Court has time after time emphasized must be done by the Judges sitting as a court en banc. If Judge KEENAN failed to pass on this case then it should have been reargued and heard by the court en banc, consisting of President Judge RICHARD D. LAIRD, Judge GEORGE H. McWHERTER and Judge EDWARD G. BAUER. The Prothonotary was right in placing it on the Argument List to be heard by these three judges. In the meantime counsel for the plaintiff had no right as a matter of law to take judgment because as a matter of law the motion for a new trial and judgment N. O. V. was still pending."

The court below cited what we said in *Dobson v. Crafton Borough*, 315 Pa. 52, 55, as follows: "Motions for new trials are required by law to be heard by the court en banc; and it is the duty of all the sitting judges not

only to hear the motion, *but subsequently to meet together, and discuss and determine the matters presented to them.*" The court below also cited the case of *Zimmerman v. Pennsylvania R. R. Co.,* 293 Pa. 264, 267: "*A failure to conform to this practice constitutes reversible error.*" (Italics supplied.)

The court below also said: "We have carefully considered all the issues involved in this case and are of the opinion that to do complete justice a new trial should be granted." We agree with that statement.

The judgment is affirmed.