Opinion by
 

 Ross, J.,
 

 The parties in this divorce action were married on October 23,1926 and resided together until February 8, 1947, when the libellant husband left the marital habitation. Two sons were born to the couple, one 17 years of age, who testified for the respondent, and the other 3. On February 19, 1948, the husband filed his libel for absolute divorce on the grounds of cruel and barbarous treatment and indignities. The case was heard by the court below, who dismissed the libel and the husband took this appeal, basing his appeal solely on the charge of indignities.
 

 As we have frequently stated, it is impossible to define indignities but they must consist of a course of conduct which renders the condition of the innocent party intolerable and his or her life burdensome and they must be shown by evidence from which an inference of settled hate and estrangement may be deduced.
 
 Davidsen v. Davidsen,
 
 127 Pa. Superior Ct. 138, 191 A. 619;
 
 Monaco v. Monaco,
 
 160 Pa. Superior Ct. 117, 50 A. 2d 520;
 
 Bock v. Bock,
 
 162 Pa. Superior Ct. 506, 58 A.2d 372.
 

 The libellant testified that the respondent “used very vulgar and abusive language at all times . . . Any time she didn’t have her own way, which was quite often. She was very dictatorial and very abusive in her ways”; that this occurred “around two years” after the marriage and continued until “February 8,1947, when I left
 
 *107
 
 my home”. He also testified: “From the time of two years after our marriage until the day I left, she accused me of always not being true to her”, that “I was having affairs with other women”. The libellant’s testimony was contradicted or satisfactorily explained in every material phase by the respondent or her witnesses.
 

 The libellant has the usual burden of proving his case by clear and satisfactory evidence, and unless there is a preponderance of the evidence in his faVor the divorce must be refused.
 
 Sleight v. Sleight,
 
 119 Pa. Superior Ct. 300, 181 A. 69;
 
 Kissel v. Kissel,
 
 163 Pa. Superior Ct. 288, 60 A. 2d 834;
 
 Dash v. Dash,
 
 357 Pa. 125, 53 A. 2d 89. The trial judge stated: “After a careful study of the record, taking into consideration the credibility of the witnesses, we find that the plaintiff has not met the burden of proof resting upon him. The plaintiff’s testimony was vague, general, and exaggerated while that of the defendant and her witnesses impressed us as being clear, positive, and was convincing with respect to the factual matters involved.” The findings of fact and conclusions of the trial judge, who heard the testimony and saw the witnesses, are entitled to careful consideration on appeal and will not be lightly disturbed.
 
 Othmer v. Othmer,
 
 158 Pa. Superior Ct. 384, 45 A. 2d 389;
 
 McKrell v. McKrell,
 
 352 Pa. 173, 42 A. 2d 609.
 

 A divorce decree must be founded upon compelling, imperious reasons and upon evidence that is clear and convincing
 
 (Fawcett v. Fawcett,
 
 159 Pa. Superior Ct. 185, 48 A. 2d 23) and it is our independent judgment from a reading of the record in this case that the libellant has not sustained his allegation of indignities.
 

 The decree of the court below dismissing the libel is affirmed.