Abels, Appellant, *v.* McDaniel.

Argued November 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

640

*David E. Cohen,* with him *Herbert Margolis,* for appellant.

*Herman M. Buck,* with him *L. D. McDaniel,* and *Ray, Buck & John,* for appellee.

OPINION BY WRIGHT, J., December 12, 1962:

On May 27, 1960, Moss Abels, while a pedestrian on the sidewalk along West South Street in the City of Uniontown, was struck and injured by a motor vehicle owned and operated by Daisy Rankin, who had lost control of her car in attempting to make a left-hand turn. Abels instituted a trespass suit which was heard by Honorable EDWARD DUMBAULD and a jury. After a three-day trial the jury returned a verdict for the plaintiff in the sum of $3,500.00. The plaintiff thereafter filed a motion for a new trial. Prior to the argument on this motion, Judge DUMBAULD resigned as a member of the Court of Common Pleas of Fayette County and took office as a Judge of the United States District Court for the Western District of Pennsylvania. The motion was argued before the court en banc which tribunal, in an able opinion by Judge FEIGUS, refused to grant a new trial. From the entry of judgment on the verdict, plaintiff has taken this appeal.[1]

---

[1] Daisy Rankin died on November 11, 1961, and her executor has been substituted of record.

The pivotal issue at the trial was the nature and extent of appellant's injury. Immediately following the accident, appellant was taken to the Uniontown Hospital where he was x-rayed and confined for several days under the care of Dr. William A. Larkin. His injury was diagnosed by Dr. Larkin as a fracture of the lumbar vertebrae, from which he was making a normal recovery. On September 13, 1960, three and one-half months after the accident, appellant was stricken with a hemorrhage which resulted in profuse bleeding from the rectum. He was again admitted to the Uniontown Hospital, where Dr. Larkin performed a subtotal gastric resection of the stomach. Dr. Larkin testified that, in his professional opinion, appellant had developed a duodenal ulcer as a result of mental stress following the accident, and that the bleeding from appellant's rectum was the result of a hemorrhage caused by this duodenal ulcer. Dr. Larkin admitted that he saw no ulcer at the time of the operation, and that the pathologist did not find any evidence of ulcer in the portion of the stomach which he examined. Dr. Irwin Pochapin, defendant's medical expert, testified from his examination of the hospital records that appellant did not have an ulcer, that an active ulcer represents a crater which a surgeon would readily observe, and that the rectal bleeding was due to submucosal fibrosis resulting from an old inflammatory reaction. Dr. Pochapin expressed the professional opinion that there was no causal connection between the accident and the subsequent hemorrhage and stomach resection.

Appellant first contends that the trial judge erred in refusing to affirm his second point for charge to the effect that the testimony of appellant's attending surgeon was entitled to greater weight than that of defendant's expert witness.[2] We are not in accord with

2 "On the issues of causation of a duodenal ulcer and whether or not plaintiff had such duodenal ulcer, the evidence of plaintiff's

this novel contention. As aptly stated in the opinion below: "The requested charge would have constituted a usurpation of the jury's prerogative. It would have effectually nullified the value of the opinion of defendant's expert".

Appellant argues that our Supreme Court "has not hesitated to express its opinion on the weight of expert testimony", citing *Conway Will*, 366 Pa. 641, 79 A. 2d 208, *Pochron Will*, 367 Pa. 306, 80 A. 2d 794, and *Libengood v. Pa. R. R. Co.*, 358 Pa. 7, 55 A. 2d 756. The discussion in those cases related to the comparative weight of factual testimony as opposed to opinion testimony. In the case at bar there was conflicting opinion testimony, and the jury chose to accept the opinion of Dr. Pochapin. Also cited are *Sonson v. J. C. Penney Co.*, 361 Pa. 572, 65 A. 2d 382, and *Kissell v. Kissell*, 163 Pa. Superior Ct. 288, 60 A. 2d 834, but these cases fall far short of supporting appellant's contention. Whether a necessity for opinion evidence exists, and whether the witness is qualified, are questions to be determined in the first instance by the trial judge: *Cooper v. Metropolitan Life Insurance Co.*, 323 Pa. 295, 186 A. 125; *Hencken v. Bethlehem Municipal Water Authority*, 364 Pa. 408, 72 A. 2d 264; *Ruby v. Pa. R. R.*, 61 York L. R. 17. Once the testimony is admitted, however, the credibility of the witness lies strictly within the sole province of the jury: *Pryor v. Graff*, 179 Pa. Superior Ct. 622, 117 A. 2d 818.

In *Bolton v. Central Pennsylvania Traction Co.*, 219 Pa. 83, 67 A. 950, our Supreme Court approved the following charge concerning the weight to be accorded

---

attending physician is of greater weight and more important than the evidence of Dr. Pochapin, the defendant's expert, who testified in response to a hypothetical question without ever having seen or examined the plaintiff and solely on the basis of his knowledge of the hospital record of the plaintiff's confinement in the Uniontown Hospital".

the opinion of medical witnesses (italics supplied) : "You are to consider how far they may be relied upon and what weight shall be given to them in the determination of the case. *We have no right to say to you that you are to consider the testimony of one witness as more weighty than the testimony of another.* The credibility of the witnesses, the weight of the evidence, is entirely for you". It should perhaps be noted that the same rule applies to the testimony of medical witnesses appointed by the court: *Galante v. West Penn Power Co.,* 349 Pa. 616, 37 A. 2d 548. And see *Kochinsky v. Independent Pier Co.,* 157 Pa. Superior Ct. 15, 41 A. 2d 409.

Appellant's second and third contentions may be treated together. It is appellant's position that the court below abused its discretion in refusing to grant a new trial on the ground that the verdict (a) was against the weight of the evidence, and (b) was inadequate. Appellant argues that his expenses amounted to $3,980.80, whereas the verdict was only $3,500.00. The obvious answer is that the jurors adopted Dr. Pochapin's opinion that there was no causal connection between the stomach resection and the accident. It should be noted that the expenses resulting from the initial back injury amounted to only $281.00. The balance of the expenses were incurred in connection with the operation. Separating the expenses of the back injury from the expenses relating to the stomach resection we conclude, as did the court below, that the verdict was neither shocking nor unwarranted.

The appellate court is not justified in declaring the lower court guilty of an abuse of discretion in refusing to grant a new trial unless clearly convinced by the record that the jury was influenced by partiality, passion, prejudice or some misconception of the law or the evidence: *Gottlob v. Hillegas,* 195 Pa. Superior Ct. 453, 171 A. 2d 868. So long as the verdict bears a

reasonable resemblance to the damages proved, it is not the function of the appellate court to substitute its judgment for that of the jury: *Pasqualucci v. Kronz,* 195 Pa. Superior Ct. 462, 171 A. 2d 873; *Mohler v. Worley,* 179 Pa. Superior Ct. 56, 116 A. 2d 342. Appellant has attempted to analyze and compare the testimony of the two medical witnesses in an effort to demonstrate that Dr. Larkin's opinion should have been accepted to the complete exclusion of the opinion of Dr. Pochapin. This argument is not persuasive. At the very least, the testimony of Dr. Pochapin threw sufficient doubt upon the testimony of Dr. Larkin to permit the jury to conclude that appellant had not met his burden of proof. Cf. *Schwartz v. Feldman,* 196 Pa. Superior Ct. 492, 175 A. 2d 153. We perceive no abuse of discretion in the refusal of the lower court to grant a new trial.

Order affirmed.