Mundy *v.* Acme Markets, Inc., Appellant.

64

Argued June 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING and CERCONE, JJ. (SPAETH, J., absent).

*D. O'Connor,* with him *Edward W. Madeira, Jr., Nancy J. Gellman* and *Pepper, Hamilton & Scheetz,* for appellant.

*Morton B. Wapner,* with him *Gary Green* and *Sidkoff, Pincus, Greenberg, Wapner & Golden,* for appellee.

OPINION PER CURIAM, September 19, 1973:

On July 22, 1966, the plaintiff fell while shopping with her daughter and grandson in one of defendant's markets in Fallsington, Pennsylvania. About a week later, a physician diagnosed a condition of the plaintiff's eyes as glaucoma and surgery was performed relative to that condition. Certain additional operative procedures, designed to ameliorate problems allegedly

caused by the glaucoma, were later performed on plaintiff's eyes.

In the present negligence action, plaintiff included in compensation sought from defendant that for glaucoma-related injuries and losses, which were attributed by plaintiff to her fall.[1] The fall, it was alleged, resulted from an accumulation of foreign matter negligently allowed to remain on the floor of defendant's market, without warning to customers, by its employees.

Following a 5-day trial, a jury returned a verdict in favor of the plaintiff in the amount of $200,000. Immediately after the jury was excused, the lower court asked the attorneys involved whether there were any motions to be made. The defendant's attorney answered affirmatively. He expressed his understanding that post-trial motions for judgment notwithstanding the verdict and for a new trial were to be made at that time.[2] The lower court replied: "Yes, sir. I will accept them now orally if you have any."

---

[1] One of plaintiff's medical witnesses, Dr. Alvin H. Smith, related the emotional shock involved in plaintiff's fall to causation in an attack of glaucoma.

[2] A rule of the Court of Common Pleas of Philadelphia County, numbered *253, as amended in November of 1971, provides:

"Immediately after a verdict has been recorded, the Trial Judge may require motions for new trials, for judgment non obstante verdicto, and in arrest of judgment to be presented and argued forthwith; and, in the event the motions are dismissed, judgment shall thereupon be entered on the verdict.

"If a nonsuit has been entered, and the plaintiff decides to present a motion to remove it, the Trial Judge may require the immediate presentation and argument of such motion.

"The Trial Judge may, however, in his discretion, grant leave for the filing of all such motions within seven days."

In view of our disposition of this case, it is unnecessary to determine whether, as defendant contends, it would be improper to require the immediate argument following verdict of post-trial motions for a new trial and judgment notwithstanding the verdict, and to rule immediately upon such motions, in a case of the present length and complexity.

Defendant's attorney proceeded to argue a motion for judgment notwithstanding the verdict, which was denied. He then argued a motion for a new trial, during the course of which he obtained permission from the lower court to file supplemental reasons for his motion within 10 days of transcription of the record.[3] At the conclusion of the oral argument, the lower court denied the motion for a new trial, and repeated the denial of the motion for judgment notwithstanding the verdict. Subsequent to disposition of the motions, the defendant submitted, in accordance with the allowance granted by the court below, more than 80 supplemental reasons in support of the motion for a new trial. The lower court had declined to permit the defendant to file a brief in support of its supplemental reasons, and there is no suggestion in the record that the court reconsidered its original ruling on the new trial motion in light of the reasons submitted.

In its brief on appeal, the defendant limits the relief requested to that of a new trial, abandoning its argument in favor of judgment notwithstanding the verdict. It raises a number of points, several of which were not before the lower court when it made its ruling on the motion for a new trial, but became part of the motion by virtue of defendant's submission of supplemental

---

[3] After the defendant's attorney had expressed his difficulty in presenting argument on evidentiary rulings without a typed record, the lower court stated: ". . . I will afford you the opportunity in the next ten days, or ten days after the record is transcribed, to formally file whatever grounds for new trial you may pick up from the records." The court noted that the filing of such supplemental reasons would protect the defendant's position on appeal.

Under the circumstances of the present case, the lower court quite properly declined to use its apparent power under rule *253 to limit the defendant's attorney to reasons for a new trial presented immediately following the verdict. *See* note 2 supra. The potential for unfairness in such a rule is obvious.

reasons.[4] Because we believe that the lower court should actually pass upon all the reasons presented in a motion for a new trial, in disposing of the motion, we vacate the judgment and remand for further proceedings.

A number of reasons compel the conclusion that each point in favor of a new trial should be considered by the lower court at the time it rules upon the motion. First, it is in the interest of the moving party that a full consideration be accorded the motion. "Provided an application for a new trial has been made in proper form and in due time, and movant has taken proper steps to obtain a hearing and determination thereof, he has a right to have the merits of the application considered or heard and passed on or determined judicially,

---

[4] On appeal, defendant contends: (1) that the lower court erred in refusing to strike the jury panel after the plaintiff's attorney, during voir dire, had asked prospective jurors certain questions as to their connections with insurance companies and insurance claims work; (2) that the lower court erred in refusing to grant a mistrial after a witness referred to "the insurance carrier"; (3) that the lower court erred (a) in submitting to the jury a theory of harm to the plaintiff based upon an aggravation of preexisting glaucoma or a predisposition to the disease, (b) in not clearly distinguishing in its charge between aggravation and original cause, (c) in permitting the jury to determine whether it could consider medical testimony on causation, and (d) in not correctly explaining to the jury the degree of certainty required with regard to medical testimony on causation; (4) that the lower court erred (a) in instructing the jury on the definition of "substantial factor" in legal causation in such a way as to unnecessarily charge on concurrent causes and (b) in failing to explain the circumstances under which a contributing cause would relieve a defendant from liability; (5) that the lower court erred in refusing to strike testimony as to causation by one of plaintiff's medical witnesses, who misunderstood the nature of the fall involved; and (6) that the lower court erred (a) in requiring argument of post-trial motions immediately following the verdict, (b) in refusing defendant's request to submit a brief with regard to its supplemental reasons for a new trial, and (c) in making a ruling without sufficient time for consideration.

after full deliberation and the exercise of the court's best independent judgment." 66 C.J.S. *New Trial* §195, at 463 (1950) (footnotes omitted). *See* 28 P.L.E. *New Trial* §81 (1960). Second, an examination by the lower court of the applicant's legal theories is of benefit to an appellate court. The necessity of appeal may be eliminated by a full evaluation of the motion. *See Commonwealth v. Starr*, 450 Pa. 485, 301 A. 2d 592 (1973) (possibility that lower court's disposition of motion will obviate need for appeal noted in discussion of value of making post-trial motions to lower court following conviction of first degree murder after plea of guilty to murder generally); *Commonwealth v. Robinson*, 442 Pa. 512, 276 A. 2d 537 (1971) (same). And in the event an appeal occurs, the rationale of a competent court, such as that below, in disposing of a motion is of inestimable value to an appellate court. *See Chartiers Valley B. & L. Ass'n v. Ende*, 281 Pa. 396, 126 A. 763 (1924).

Furthermore, it has been said in Pennsylvania that "[w]here a motion for a new trial is heard before a court en banc, it is the duty of all the sitting judges not only to hear the motion but subsequently to meet together, and discuss and determine the matters presented to them [citations omitted]." *Dobson v. Crafton Borough*, 315 Pa. 52, 55, 172 A. 109, 110 (1934). It would be anomalous, in view of this rule, to hold that a single judge, in disposing of such a motion, need not review all of the reasons for the motion.

Finally, to eliminate the need for full consideration by the court below would cause the assumption by an appellate court of a function within the province of a lower court. Such a result is to be avoided. *See Dunshee v. Dunshee*, 234 Pa. 550, 83 A. 422 (1912).

For these reasons, the judgment in the present case is vacated; the motion for a new trial is reinstated, with directions that it be placed on the argument list of the

court below and disposed of after consideration of the grounds encompassed by the motion and presented by the appellant on this appeal.

SPAETH, J., took no part in the consideration or decision of this case.