Hose, Appellant, *v.* Hake.

Argued May 27, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Victor Dell'Alba,* for appellants.

*Robert J. Stewart,* with him *Liverant & Stewart,* for Chester P. Hake, appellee.

*Frank B. Boyle,* for John R. Taylor, appellee.

*Robert W. Morton,* for W. Arthur Stokes, appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1963:

This is a personal injury action arising out of an automobile collision. The limited issue raised on appeal is whether or not the lower court abused its discretion in refusing the plaintiffs' motion for a new trial on the ground that the verdict was inadequate.

The accident occurred about 4:45 p.m. o'clock on January 21, 1960, a clear dry day, on the Longstown-Freysville Road in York Township, York County, Pennsylvania. This road is a two-lane macadam improved roadway approximately 16 feet in width. At the time, the wife plaintiff, Gloria Hose, was operating an automobile owned by her husband, the plaintiff, Thomas Hose, downhill in a northerly direction, when it collided with an automobile traveling in the opposite (southerly) direction, operated by the defendant, Chester Hake, and owned by Calderwood Brothers. The plaintiff, Tammy Jo Hose, two years old, was a passenger in the automobile operated by her mother.

Shortly before the collision and before the Hose and Hake automobiles arrived at the accident site, a pickup truck operated by John R. Taylor traveling in a southerly direction on the same highway became mechanically disabled. At the time, the pickup truck was going up an incline, but when it failed to function, Taylor backed it down the hill to a more level portion of the highway. His testimony, corroborated by disinterested witnesses, was that the truck was then parked completely off the improved portion of the highway. However, there was other testimony that it was parked partly on and partly off the highway. A tow truck was summoned to give aid and upon arrival at the scene, the driver, Arthur Stokes, proceeded to back up the tow truck against the rear of the Taylor vehicle for the purpose of connecting and towing it away. The tow truck had a red blinker light on top in operation at the time. It was at or about this moment that the Hose and Hake automobiles arrived in the vicinity, and the collision occurred about 50-75 feet south of where the Taylor vehicle was parked.

The testimony of all witnesses established that Hake's automobile crossed over the center of the highway, and struck the Hose automobile when it was completely on its own right-hand side of the highway. There was also testimony that immediately prior to the accident Hake's automobile was traveling seventy miles an hour and caused skid marks on the road extending for a distance of approximately 125 feet. Hake testified that he did not know exactly how fast he was traveling at the time involved but "assumed I wasn't exceeding any speed limit." He further said that the tow truck was stopped in the middle of his lane of traffic and partially blocked his view of cars coming from the opposite direction; that he drove his car toward the other lane "because I felt I could not get stopped to avoid hitting the truck, therefore I looked

to the other lane and saw no other traffic." He admitted that if no obstruction existed he would have had a clear view up the hill for several hundred feet.

The plaintiffs sued Hake, Taylor, Stokes and Calderwood Brothers. Hake filed a counterclaim. The trial court entered a compulsory nonsuit as to Calderwood Brothers. The jury returned verdicts in favor of Taylor and Stokes, and against Hake in the counterclaim. We are not presently concerned with these findings.[1] The jury awarded the plaintiffs verdicts against Hake. Thomas Hose was awarded $6948.10 to cover damages to the automobile, monies expended in the treatment of the injuries of his wife and child, and recompense for the loss of his wife's services; Thomas Hose, as father and guardian of Tammy Jo Hose, was awarded $500; Gloria Hose was awarded $3500. It is with the inadequacy of the last mentioned award that we are herein concerned.

The wife, Gloria Hose, was unquestionably very seriously injured. She was hospitalized on two different occasions; first, from January 21, 1961, to February 14, 1961; secondly, from March 17, 1961 to April 14, 1961. She suffered a broken nose; large black and blue marks in the area underneath the eyes; lacerations in the area above the left eye, chin, lip, right leg and in the abdominal region (all of which left scars still evident at the time of the trial on December 26, 1961); a grafting operation was necessary to replace a segment of bone about three inches in length in her right leg, this leg is now one-half inch shorter than normal resulting in a permanent limp; an abdominal operation was necessary which established the existence of a large laceration of the liver, a laceration of the spleen, a rupture of the splenic artery which caused several pints of blood to escape into the abdominal

---

[1] The appeal does not question the judgments entered in favor of Taylor, Stokes or Calderwood Brothers. Hake did not appeal.

cavity, and a complete transection or division of the pancreas requiring removal of approximately two-thirds thereof through operative procedure.

A recitation of these injuries manifests that the award in her favor was grossly inadequate and that justice demands a new trial in this segment of the case. It is quite obvious that the jury failed to comprehend the extent and seriousness of her injuries and to award her a sum sufficient to be justly commensurate.

We realize that the grant of a new trial because of inadequacy is a matter for the sound discretion of the trial court whose action should not be disturbed on appeal except where there is a clear abuse of discretion: *Takac v. Bamford,* 370 Pa. 389, 88 A. 2d 86 (1952); *Elza v. Chovan,* 396 Pa. 112, 152 A. 2d 238 (1959). Moreover, compromise verdicts, which may arise out of the issue of damages or negligence are expected and allowed, *Karccsky v. Laria,* 382 Pa. 227, 114 A. 2d 150 (1955). By the same token, appellate courts do not abdicate their powers of review to see whether or not the denial of a new trial constituted an injustice or a clear abuse of discretion and will act where such exists: *Decker v. Kulesza,* 369 Pa. 259, 85 A. 2d 413 (1952); *Nikisher v. Benninger,* 377 Pa. 564, 105 A. 2d 281 (1954); *Paustenbaugh v. Ward Baking Co.,* 374 Pa. 418, 97 A. 2d 816 (1953); and, *Bedillion v. Frazee,* 408 Pa. 281, 183 A. 2d 344 (1962).

In this case, a review of the entire record discloses no good reason for a compromise verdict. The negligence of Hake was unquestionably established. There is no hint that Gloria Hose was guilty of contributory negligence. Significantly, in the charge to the jury the court said, "I frankly must say to you that there does not appear to be any evidence in this case that she [Gloria Hose] in fact was negligent." The extent of the injuries suffered was not questioned. The only factor urged by Hake to support his argument that the

verdict was commensurate is that she made a remarkably good recovery. While this is a factor to be considered, it does not of itself minimize the pain and suffering the injuries incurred would necessarily entail.

Under the circumstances here present, the issue on retrial should be limited to the question of damages. See *Cason v. Smith,* 188 Pa. Superior Ct. 376, 146 A. 2d 634 (1958); *Daugherty v. Erie R.R. Co.,* 403 Pa. 334, 169 A. 2d 549 (1961); *McKniff v. Wilson,* 404 Pa. 647, 172 A. 2d 801 (1961).

Judgments in favor of the plaintiffs, Thomas Hose, individually, and Thomas Hose, as father and natural guardian, are affirmed. Judgment in favor of Gloria Hose is reversed and a new trial is ordered as to the defendant Hake, limited to the the question of damages.