Opinion by
 

 Weight, J.,
 

 On March 1, 1960, at about 3:20 P.M., on Phillips Street in the Borough of Speers, Washington County, Pennsylvania, there was a collision between motor vehicles operated by Mrs. Joanne GL Morris and Charles Peckyno. Mrs. Morris and her husband, Robert C. Morris, instituted a trespass action which resulted in a verdict in favor of the wife-plaintiff in the sum of $1,000.00, and a verdict in favor of the husband-plaintiff in the sum of $2,000.00. The plaintiffs filed a motion for a new trial on the ground that the verdicts were inadequate. The court below granted a new trial limited to the issue of damages. The defendant has appealed.
 

 The record discloses that the motor vehicle operated by Mrs. Morris was proceeding back of a school bus, and was being followed by appellant’s motor vehicle. When the school bus stopped to discharge passengers, the Morris vehicle also halted and was struck in the rear by appellant’s vehicle. All three vehicles were traveling at a low rate of speed and the collision was not a violent one, as is evidenced by the comparatively slight amount of property damage. The real issue at the trial was the nature and extent of the injuries suffered by the wife-plaintiff. The trial judge charged that the “only items of damages to which Mrs. Morris may be entitled is that of compensation for the pain, suffering, inconvenience and suffering that she has had to endure and will have to endure in the future”. The items of damages submitted to the jury with regard to the husband’s claim were medical treatment, x-rays and appliances, such as a corset and brace, household help, car damage, and compensation “for the impairment of the value of his wife’s services and companion
 
 *492
 
 ship”. As detailed in appellees’ brief, the out of pocket expenses totaled $1,467.34. The court below was of the opinion that the verdict of $2,000.00 in favor of the husband “might be considered as fair and reasonable”, .but concluded that the verdict of $1,000.00 in favor of the wife “was totally inadequate and shocked the sense of justice of the court with respect thereto”. The new trial was granted as to both plaintiffs.
 

 The recurring problem here presented has been the subject of many appellate pronouncements well summarized in 15 Am. Jur., Damages, §231, as follows: “As a rule, a verdict in an action for a personal tort may .be set aside as inadequate when, and only when, it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or that the jury disregarded the instructions of the court, or in some instances, where there was a vital misapprehension or mistake on the part of the jury, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff, or, according to some of the cases, where, .otherwise, there has been an evident failure of justice to the plaintiff, or where the award is so inadequate that it should not be permitted to stand. Generally, a verdict will not be disturbed merely on account of the ■smallness of the damages awarded or because the reviewing court would have awarded more”.
 

 Our review of this record indicates that the amount of the verdict for the wife was obviously a compromise. As aptly stated by Mr. Justice Bok in
 
 Elza v.
 
 Chovan, 396 Pa. 112, 152 A. 2d 238: “There should be nothing difficult about a decision to grant a new trial for inadequacy: the injustice of the verdict should stand forth like a beacon”. So long as the verdict bears a reasonable resemblance to the damages proved, it is not the function of the court to substitute its judgment for that of the jury:
 
 Paustenbaugh v. Ward Baking
 
 
 *493
 

 Co.,
 
 374 Pa. 418, 97 A. 2d 816;
 
 Perzak v. Coulter,
 
 171 Pa. Superior Ct. 475, 90 A. 2d 256;
 
 Abels v. McDaniel,
 
 199 Pa. Superior Ct. 638, 186 A. 2d 640. The- mere fact that the court below would have been more generous to the wife-plaintiff. does not justify ousting .the jurors and moving into their seats:
 
 Caine v.
 
 Collins, 194 Pa. Superior Ct. 230, 166 A.2d 675. Consequently, when the verdict is substantial, even though it may: be low, the granting of a new trial bn the ground of inadequacy must be reversed:
 
 Alleva v. Porter,
 
 184 Pa. Superior Ct. 335, 134 A. 2d 501;
 
 Jackson v. Capello,
 
 201 Pa. Superior Ct. 91, 191 A. 2d 903;
 

 It was the province of the jury to appraise the-testimony and to accept or reject the estimates given by the witnesses:
 
 Hollins v. Pittsburgh Rwys. Co.,
 
 188 Pa. Superior Ct. 141, 146 A. 2d 622. The credibility •of witnesses , is always a matter for the jury:.
 
 Gottlob v. Hillegas,
 
 195 Pa. Superior Ct., 453, 171 A. 2d 868. Our own review of the record does not: indicate .partiality, prejudice or passion on the part of the jury. See
 
 Ewing v. Marsh,
 
 174 Pa. Superior Ct. 589, 101 A. 2d 391. On the contrary, there was such a conflict in the evidence that the jurors were justified in carefully evaluating the testimony of the witnesses. Cf.
 
 Karcesky v. Laria,
 
 382 Pa. 227, 114 A. 2d 150. They may well have found, and undoubtedly, did find, that the wife’s alleged injuries were not so serious as represented.
 

 The chief of police of Speers ■ Borough, "who was called to the scene of the accident, testified as follows': “I checked and found out what damage I could '.personally see myself and there wasn’t" too much to-■ it”;. When asked whether he noticed any damage to appellant’s car, he replied: “I couldn’t see.outside of the one place where there was a very, very small dent in the bumper where it had hit the back end of the' other ear”. This testimony by a completely disinterestéd
 
 *494
 
 witness is inconsistent with the wife-appellee’s statement that there was a “terrible crash”. Further, it raises a question as to the extent of the property damage testified to by the husband-appellee. The jury may well have been impressed by the fact that the complaint averred that the husband “was obliged to expend the sum of $140.61” for car repair, whereas the car had actually not been repaired and the estimate of the cost of repair was only $89.30. It also appeared that the car was used from the day of the accident until the time of the trial without any repairs being made.
 

 The evidence relative to the wife’s injuries was likewise in serious conflict. Mr. Hazlett testified that “she didn’t com plain of anything” at the time of the accident. Appellant testified to the same effect. Mrs. Morris did not seek medical attention until the next day. Dr. Ambrose testified that the x-rays were negative. Dr. Berg testified as follows: “I cannot find any objective evidence to substantiate Mrs. Morris’ complaints. It is my opinion there are no permanent injuries”. To rebut the testimony that the wife was unable to do her household work, appellant produced evidence by way of motion pictures showing the wife performing ordinary household duties. The jurors could readily have found that the wife’s injuries were greatly exaggerated. The extent of her injuries was a factual matter for their determination:
 
 Pasqualucci v. Kronz,
 
 195 Pa. Superior Ct. 462, 171 A. 2d 873. And see
 
 Lesoon v. Yellow Cab Co. of Pittsburgh,
 
 195 Pa. Superior Ct. 470, 171 A. 2d 877.
 

 In conclusion, the issues in the present case were presented to the jury in a trial lasting five days. The charge of the court was fair and comprehensive, and only general exceptions were taken thereto. The verdicts were substantial and, under all the circumstances in this case, not so unreasonably low as to present a clear case of injustice. In the words of Mr. Justice
 
 *495
 
 Musmanno in
 
 Richette v. Pennsylvania R.R.,
 
 410 Pa. 6, 187 A. 2d 910: “Good judgment also dictates that, considering the clogged conditions of the trial calendars, new trials should not be required unless the interests of justice imperatively require them”.
 

 The order of the court below is reversed, and judgments are here entered on the verdicts.