445 A.2d 793

F. Robert DOUGHERTY, Administrator of the Estate of
Theresa A. Dougherty, Deceased,

v.

SADSBURY TOWNSHIP and Stephen A. Devereux, Jr. and
Albert Bair, and Larry D. Humphrey.

Appeal of SADSBURY TOWNSHIP.

F. Robert DOUGHERTY, Administrator of the Estate of
Theresa A. Dougherty, Deceased, Appellant,

v.

SADSBURY TOWNSHIP and Stephen A. Devereux, Jr. and
Albert Bair, and Larry D. Humphrey.

Superior Court of Pennsylvania.

Argued Jan. 6, 1981.

Filed May 14, 1982.

Petition for Allowance of Appeal Denied Sept. 9, 1982.

---

Stephen H. Palmer, Media, for Sadsbury Township, appellant (at No. 1214) and appellee (at No. 1218).

Keith S. Erbstein, Philadelphia, for Dougherty, appellant (at No. 1218) and appellee (at No. 1214).

Robert S. Gawthrop, Jr., West Chester, for Devereux, appellee.

Thomas G. Gavin, West Chester, for Bair, appellee.

R. Stephen Shibla, Harrisburg, for Humphrey, appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this action to recover damages for the death of a motorcycle passenger who was killed in a collision at a busy intersection, the jury absolved the drivers from liability and awarded damages against the policeman who had been directing traffic, as well as his employer, Sadsbury Township. The trial court found the damages inadequate and awarded a new trial limited to damages only. Appeals were filed by the plaintiff-administrator [1] and also by the defendant township. We affirm the grant of a new trial but modify the trial court's order by expanding it to award a new trial generally against all defendants.

"[T]o support the granting of a new trial for inadequacy, 'the injustice of the verdict should stand forth like a beacon.' So long as the verdict bears a reasonable resemblance to the damages proved, it is not the function of the court to substitute its judgment for that of the jury. *Elza v. Chovan,* [396 Pa. 112, 118, 152 A.2d 238, 240 (1959)]; *Morris v. Peckyno,* 202 Pa.Superior Ct. 490, 492, 198 A.2d 396 (1964). In the latter case, [the Superior Court,] quoting 15 Am.Jur., Damages, § 231, stated ' "As a rule, a verdict in an action for a personal tort may be set aside as inadequate when, and only when, it is so inadequate as to indicate passion, preju-

---

**1.** Plaintiff-appellant contends, inter alia, that the trial judge delivered inadequate jury instructions on the issue of causation and erred in various evidentiary rulings, e.g., by refusing to allow certain rebuttal evidence; by allowing a diagram of the accident scene to be received in evidence without sufficient proof of accuracy; and by refusing to allow the entire written statement of a witness to be used for purposes of cross-examination where only a small part thereof was contradictory of his trial testimony. There is no merit in these arguments. The case was well tried and fairly submitted to the jury for determination.

dice, partiality, or corruption, or that the jury disregarded the instructions of the court, or in some instances, where there was a vital misapprehension or mistake on the part of the jury, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff, or, according to some of the cases, where, otherwise, there has been an evident failure of justice to the plaintiff, or where the award is so inadequate that it should not be permitted to stand. Generally, a verdict will not be disturbed merely on account of the smallness of the damages awarded or because the reviewing court would have awarded more." ' " *Rutter v. Morris*, 212 Pa.Superior Ct. 466, 469–70, 243 A.2d 140, 142 (1968).

■ The grant of a new trial because of inadequacy of the verdict is a matter peculiarly within the competence of the trial court, and its discretion is considerable. Its action, therefore, will not be disturbed on appeal except where there has been a clear abuse of discretion. *Wilson v. Nelson*, 437 Pa. 254, 256, 258 A.2d 657, 658–59 (1969); *Hose v. Hake*, 412 Pa. 10, 14, 192 A.2d 339, 341 (1963); *Elza v. Chovan*, supra. However, appellate courts do not abdicate their powers of review and will reverse where a clear abuse of discretion exists. *Hose v. Hake*, supra.

In the instant case, the decedent, Theresa A. Dougherty, had been a guest passenger on a motorcycle operated by Larry D. Humphrey when it collided with a vehicle operated by Stephen A. Devereux, Jr. at the intersection of U.S. Route 30 and Wilmington Road in Chester County. At the time of her death, Miss Dougherty was twenty-two years of age, in good health, had been graduated from Immaculata College, and was a third grade teacher in the Coatesville Area School District. Her salary was $6,700 per year and would have been increased to $7,500 per year the following year. At the time of trial, teachers having tenure comparable to that which decedent would have had were earning $12,718 per year. Wages lost prior to trial were in excess of

$45,600. Her future wages, reduced to present worth [2] after deducting expected costs of maintenance, were estimated to be in excess of $173,500. The jury awarded damages of $5,000 in the survival action.[3]

■ Under these circumstances, we are unable to find that the trial court abused its discretion when it determined the verdict to be inadequate. Compare: *Prince v. Adams*, 229 Pa.Superior Ct. 150, 324 A.2d 358 (1974).

The Supreme Court has previously held that where a substantial conflict exists on the question of liability, such that a low verdict indicates that the jury probably has compromised the liability issue with the amount of damages awarded, it is an abuse of discretion for the trial court to award a new trial limited to the issue of damages. *Gagliano v. Ditzler*, 437 Pa. 230, 232, 263 A.2d 319, 320 (1970); *Berkeihiser v. DiBartolomeo*, 413 Pa. 158, 196 A.2d 314 (1964). New trials may be limited to specific issues only when this procedure will be fair to the parties involved. "Where the question of negligence . . . is not free from doubt, it is an abuse of discretion for the trial judge to grant a new trial on the issue of damages alone." *Gagliano v. Ditzler*, supra, quoting from *Phelps v. Paul L. Britton, Inc.*, 412 Pa. 55, 60, 192 A.2d 689, 692 (1963).

■ In the instant case, the negligence of the drivers of the respective vehicles and the negligence of the traffic control officer were much in dispute and vigorously contested. There can be little, if any, disagreement that in this case, more than most, the question of damages was heavily intertwined with the issue of the negligence of the several defendants. Because of this we are compelled to conclude that it was an abuse of discretion to limit the new trial to the issue of damages only.

2. The trial was completed prior to the Supreme Court's decision in *Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027 (1980) which held that juries should no longer be instructed to reduce awards to present worth.

3. An award of $3,000 in the wrongful death action approximated funeral and medical expenses.

It is argued by the operators of the vehicles that they were absolved from negligence by the jury and should not be required to undergo the rigors and uncertainties of another trial. A similar argument was heard in *Mains v. Moore*, 189 Pa.Superior Ct. 430, 150 A.2d 549 (1959). Here, as there, a real issue of fact existed concerning the negligence of all defendants. Here, as there, the inference was strong that the award of inadequate damages had been the result of a compromise by the jury involving the question of liability. We conclude, therefore, as did the Court in *Mains*, that the award of a new trial should have been general and should have included all parties.

The order awarding a new trial, as modified herein, is affirmed.