461 A.2d 295

**J. William McINTYRE, Administrator of the Estate of Lori Anne Clark, Deceased, Appellant,**

**v.**

**Sherrill S. CLARK and Rodney B. Clark and John Richard Bannister, Oklahoma State University Educational and Research Foundation, Inc., and Oklahoma State University.**

Superior Court of Pennsylvania.

Argued Feb. 16, 1983.

Filed June 3, 1983.

Petition for Allowance of Appeal Denied Oct. 4, 1983.

554

Edward Silva, Philadelphia, for appellant.

Scott Alan Fleischauer, Hollidaysburg, for appellees.

Before CERCONE, President Judge, and JOHNSON and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from the Order of the Court of Common Pleas of Bedford County denying a new trial to the plaintiff-appellant, the Estate of Lori Anne Clark. Appellant raises only two issues on this appeal; one, that the jury award of no damages was inadequate, and two, that the defendant's attorney made prejudicial remarks in his closing statement. We need not address the second issue because we agree that the damages were inadequate.

The facts relevant to the present appeal are as follows: On March 25, 1975, defendant-appellee, Sherrill S. Clark, was driving her 1972 Plymouth Sedan southbound on U.S.

Route 220, outside St. Clairsville, Bedford County. Mrs. Clark was driving up Blue Knob, a steep upgrade, when her vehicle began to fishtail on the icy road. The vehicle crossed into the northbound traffic lane and struck a 1973 Dodge Van driven by John T. White. White's vehicle was subsequently struck from the rear by a 1974 Chevrolet Van driven by defendant, John Richard Bannister. Mr. White and his wife, a passenger in the van, sustained serious injuries in the collision; as did Mrs. Clark. Mrs. Clark's daughter, Lori Anne, a passenger in the Plymouth, died instantaneously.

Plaintiff-appellant brought a survival action against Mrs. Clark and her ex-husband,[1] and also Richard Bannister, and his employer, Oklahoma State University. The case proceeded to trial before a jury. The trial was bifurcated, with the issues of liability and damages considered separately.[2] In the liability determination, the jury found that only Mrs. Clark was negligent.

The estate filed a motion for a new trial which was denied by the trial court. It is from the order denying the motion for a new trial that the estate appeals.

Initially, we note that the decision of whether to grant a new trial is peculiarly within the competence of the trial court. This decision will not be disturbed on appeal except where there has been a clear abuse of discretion. *Wilson v. Nelson,* 437 Pa. 254, 258 A.2d 657 (1969); *Hose v. Hake,* 412 Pa. 10, 192 A.2d 339 (1963). As this court stated in *Mueller v. Brandon,* 282 Pa.Super. 37, 422 A.2d 664 (1980):

> Where the trial court grants a new trial on the ground of inadequacy, the appellate courts will not interfere in the absence of a gross abuse of discretion.... When the trial court *refuses* relief against an alleged inadequate

1. A compulsory non-suit was entered in favor of Mr. Clark.

2. A second action against the same defendants was brought by Mr. and Mrs. White and the cases were consolidated for trial.

verdict the appellate court *will exercise* even greater caution in reviewing the action. (Emphasis in original) *Id.*, 282 Pa.Superior at 41, 422 A.2d at 666 (quoting *Paustenbaugh v. Ward Baking Co.*, 374 Pa. 418, 420–21, 97 A.2d 816, 818 (1953)). Nevertheless, "appellate courts do not abdicate their power of review and will reverse where a clear abuse of discretion appears." *Bortner v. Gladfelter*, 302 Pa.Super. 492, 496, 448 A.2d 1386, 1389 (1982). See also *Hose v. Hake, supra; Mueller v. Brandon, supra.*

In *Morris v. Peckyno*, 202 Pa.Super. 490, 198 A.2d 396 (1964), this court said:

> As a rule, a verdict in an action for a personal tort may be set aside as inadequate when, and only when, it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or that the jury disregarded the instructions of the court, or, in some instances, where there was a vital misapprehension or mistake on the part of the jury, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff, or according to some of the cases, where, otherwise, there has been an evident failure of justice to the plaintiff, or the award is so inadequate that it should not be permitted to stand. Generally, a verdict will not be disturbed merely on account of the smallness of the damages awarded or because the reviewing court would have awarded more.

*Id.*, 202 Pa.Superior at 492, 198 A.2d at 397 (quoting from 15 Am.Jur. Section 231). See also *Bortner v. Gladfelter, supra*, 302 Pa.Superior at 496, 448 A.2d 1389 and the cases cited therein.

■ In the present case, after a determination of liability on the part of Mrs. Clark, the jury returned with a verdict of no damages. This was despite the uncontradicted testimony that the decedent was a healthy, industrious, twelve year old girl with an extremely high I.Q. She was an excellent student, class treasurer, and also engaged in and supervised many activities in her local church. Her career goal was to become a registered nurse. Testimony was

presented by a vocational psychologist that the decedent possessed the attributes which would enable her to attain that goal. An actuary testified that the decedent's work force expectancy would have been 38.5 years (assuming she attended college) and assuming further an average salary of $15,000.00 per year, the decedent would have earned $577,500.00 in her lifetime and expended a total of $202,125 for her personal maintenance; thus, having a net of $375,-375.00.[3] The defendant rested without presenting any testimony on damages.

We find that the jury's award has no reasonable relation to the damages sustained as indicated by the evidence. The injustice of the verdict stands forth like a beacon. *Elza v. Chovan,* 396 Pa. 112, 118, 152 A.2d 238, 240 (1959). The award is completely inconsistent with the determination of liability and can only be attributed to some "misapprehension or mistake on the part of the jury." *Morris v. Peckyno,* supra.

The trial court suggests in its opinion that the jury's verdict was a compromise verdict because the evidence of Mrs. Clark's negligence was slight. We do not agree. In *Stokan v. Turnbull,* 480 Pa. 71, 78, 389 A.2d 90, 93–94 (1978), the supreme court (quoting from *Phelps v. Paul L. Britton, Inc.,* 412 Pa. 55, 60 n. 3, 192 A.2d 689, 692 n. 3 (1963)), held:

"A compromise verdict is one where the jury, *in doubt as to defendant's negligence or plaintiff's freedom from contributory negligence,* brings in a verdict for the plaintiff but in a smaller amount that it would have if these questions had been free from doubt. See *Karcesky v. Laria,* 382 Pa. 227, 234–235, 114 A.2d 150, 154 (1955);

3. This figure was reduced to 'present value' of $125,502.00 in accordance with the law at the time of trial which has been since changed in *Kaczkowski v. Bolubasz,* 491 Pa. 561, 421 A.2d 1027 (1980). An alternative calculation based on the assumption that the decedent attended high school only and obtained a job paying only minimum wage ($3.75 per hour). The net figure determined at $191,751.00, reduced to a present value of $67,489.00.

*Hilscher v. Ickinger*, 194 Pa.Super. 237, 242–243, 166 A.2d 678, 680–681 (1960). (Emphasis added)."

■ In the present case the jury found that *only* Mrs. Clark was negligent with respect to Mr. and Mrs. White, and with respect to the decedent. Yet the jury found that the Whites sustained damages in the amount of $30,000.00. There is no basis on which the jury could have found that Mrs. Clark was any *less* negligent toward the decedent than toward the Whites; nor is there any indication that the decedent, a passenger in the vehicle, was in any way contributorily negligent; nor were the injuries claimed subjective injuries the seriousness of which were capable of being controverted. The clear indication is that the jury had no doubt about Mrs. Clark's liability. The trial court's suggestion that this is a compromise verdict is unsupported by the circumstances of the case. In any event, compromise and capitulation are not to be confused. The jury's verdict was so inconsistent with the determination of liability that we can only conclude that it was premised upon some mistake or misapprehension. Under these circumstances we find the verdict inconsistent with the determination of liability that we can only conclude that it was premised upon some mistake or misapprehension. Under these circumstances we find the verdict to be shocking and the refusal of the trial court to grant a new trial to be an abuse of discretion. Consequently, that decision must be reversed.

■ One final question remains to be answered. What is the extent of the new trial to be awarded? A new trial may be awarded solely on the issue of damages if (1) the issue of liability has been fairly determined, and (2) the question of damages is readily separable from the issue of liability. *Troncatti v. Smereczniak*, 428 Pa. 7, 235 A.2d 345 (1967); *Reid v. Oxendine*, 275 Pa.Super. 548, 419 A.2d 36 (1980); *Lininger v. Kromer*, 238 Pa.Super. 259, 358 A.2d 89 (1976); *Lambert v. PBI Industries*, 244 Pa.Super. 118, 366 A.2d 944 (1976).

The liability of the defendant, Mrs. Clark, was fairly determined by the jury in the initial part of a bifurcated proceeding. It was a determination separate from and prior to the damage determination. The damage determination was based on different evidence presented after the finding of liability. We conclude that it is proper to grant a new trial with respect to damages only. *Bortner v. Gladfelter, supra.*

Accordingly, the order of the trial court is reversed and the case remanded for a new trial on the issue of damages only. Jurisdiction is not retained by this court.