## Hummel v. King

*Joseph Lurie,* for plaintiff.
*Robert C. Geller, Jr.,* for defendant.

PRESCOTT, *A.J.*, August 24, 1984—The matter presently before this court is a motion for new trial filed by plaintiff.

The sole issue raised by said motion is:

(1) Whether a verdict of "no damages" can be sustained in a comparative negligence case where plaintiff and defendant are found by the jury to be equally at fault and where there is evidence of some injury to plaintiff?

Before addressing the foregoing issue, the factual background of the case is appropriate to discuss.

On September 19, 1980, plaintiff and defendant were involved in an automobile accident which occurred when defendant drove his automobile out of a shopping mall exit and onto a public street without being able to see oncoming traffic and his vehicle collided with plaintiff's vehicle. Plaintiff stated that the impact caused her knee to hit the doorknob of the window of her car. Plaintiff's sister, a passenger in plaintiff's car testified that she heard plaintiff's leg hit the door during the collision and that plaintiff told her immediately after the impact that her leg was very sore. Plaintiff and various witnesses testified that plaintiff complained of pain after the accident and her activities became restricted.

Plaintiff testified that she has had major problems with her left knee since she was 12 years old and was diagnosed as having rheumatoid arthritis at the age of 14. She further testified that before the accident she had pain in her knee and was restricted in her activities. She had been treated and diagnosed by more than one physician prior to the collision which occurred on September 19, 1980.

Two physicians testified on behalf of plaintiff by way of videotape deposition. A report of a third physician was also introduced in plaintiff's case. All

three physicians acknowledged that plaintiff had a problem with her knee prior to the collison but that the accident in question aggravated plaintiff's prior condition, increased her prior disability and enhanced her pain. David Hoffman, M.D., testified on behalf of defendant and in response to a question as to whether the accident aggravated plaintiff's condition, he stated: "If you mean by aggravation that her symptoms for some temporary period were heightened by the accident, that seems certain."

Robert Wolf, Ph.D., a professional vocational rehabilitation specialist and labor market specialist testified on behalf of plaintiff. He stated that plaintiff's condition would cause her a loss of earnings of $157,783. In giving this estimate he made no distinction between plaintiff's condition prior to and subsequent to the accident.

At the conclusion of the trial the court gave the following instructions pertaining to comparative negligence and compensation:

"If you find that Plaintiff was contributorily negligent and such negligence was a substantial factor in bringing about her injuries then you must apply the Comparative Negligence Act, which provides as follows, and I quote, "The fact that a Plaintiff may have been guilty of contributory negligence, shall not bar a recovery by the Plaintiff where such negligence was not greater than the causal negligence of the defendant, or Defendants against whom recovery is sought; but any damages sustained by the Plaintiff shall be diminished in proportion to the amount of negligence attributed to the Plaintiff."

"If you find that the Plaintiff's causal negligence was equal to or less than the causal negligence of the Defendant, then you must set forth percentages of causal negligence attributable to the Defendant.

The total of these percentages must be one hundred percent. You will then determine the total amount of damages for which the Plaintiff would be entitled, if she had not been contributorily negligent."

"If you find that the Defendant is liable to the Plaintiff you must find an amount of money which you believe will fairly and adequately compensate the Plaintiff for the physical injury she has sustained as a result of the accident. The amount which you award must compensate the Plaintiff completely for damage that Plaintiff will sustain in the future."

"The fact that Plaintiff may have been particularly susceptible to serious injury, *will not limit* Defendant's liability where personal injuries caused by the Defendant aggravated an existing deformity or disease resulting in prolongation of the injuries and corresponding increase in damages, compensation for such added increase damages may be recovered."

The court then presented the jury with a verdict form and read this to the jury as follows:
"Question 1.
Do you find that the defendant was negligent? (yes or no)                    _____

If you answer Question 1 "no", you should not answer any further questions and should return to the courtroom.

Question 2.
Was the Defendant's negligence a substantial factor in bringing about Plaintiff's injuries? (yes or no)                    _____

If you answer Question 2 "no", you should not answer any further questions and should return to the courtroom.

Question 3.

Was the Plaintiff contributorily negligent? (yes or no) _____

If you answer Question 3 "no", proceed to Question 6.

If you answer Question 3 "yes", proceed to Question 4.

Question 4.

Was the Plaintiff's contributory negligence a substantial factor in bringing about Plaintiff's injuries? (yes or no) _____

If you answer Question 4 "no", proceed to Question 6.

If you answer Question 4 "yes", proceed to Question 5.

Question 5.

Taking the combined total of negligence in this case which substantially caused the Plaintiff's injuries as 100 percent, what percentage of that causal negligence was attributable to the Defendant and what percentage was attributable to Plaintiff?

Percentage of causal negligence attributable to Defendant: _____%

Percentage of causal negligence attributable to Plaintiff: _____%

TOTAL     100%

If you have found the Plaintiff's causal negligence to be greater than 50%, you should not answer Question 6 and you should return to the courtroom.

Question 6.

State the amount of damages, if any, sustained by the Plaintiff as a result of the accident, without regard to and without reduction by the percentage of causal negligence, if any, that you have attributed to the Plaintiff.

$_____"

The jury retired for deliberations at 3:30 p.m. and returned with a verdict at 5:24 p.m.

Before the reading of the verdict, the court noticed an irregularity in the verdict form in that Question No. 6 was unanswered. The court then proceeded to question the jury foreman:

The Court: "Mr. Hyde, in examining the verdict slip, which you have just read from, I noted that there were certain crossing out and the one question has your signature beside it. Would you explain for all parties concerned, how it happened that the questionnaire form has been answered in all parts and then crossed out?

The Foreman: Yes, ma'am. We neglected to clearly read the instruction on Question No. 5 where it said Plaintiff's causal injuries 50-50. If you find it to be only 50 percent, go to Question 6. We felt that the parties were equally responsible and we thought that — without reading this first — we felt that 50 percent meant that it was a tie. When we saw that it had to be more than fifty percent, we realized that we had made a mistake."

The court then instructed the jury that since they found plaintiff 50 percent causally negligent, they must deliberate further considering the evidence as to damages and come up with an answer to Question 6.

The jury retired for a second time at 5:34 p.m. and returned at 5:40 p.m. asking the court: "Judge, do you wish us to go back to the original 50-50 and set an amount, or after additional discussion, we arrived at the submitted answer, which is what we wish to stay at". With the agreement of respective counsel, the court then instructed the jury to return to "deliberate in conformance with your original verdict slip of the 50-50 percentage of causal negligence".

The jury then retired at 6:00 p.m. and returned at 6:05 p.m. with a completed verdict slip. It was answered as follows:

Question 1: yes

Question 2: yes

Question 3: yes

Question 4: yes

Question 5: 50-50

Question 6: zero damages.

At that point, plaintiff's attorney moved to withdraw a juror. The court indicated to counsel that it would be more appropriate to consider the motion on post-trial motions. Thereafter, the court denied plaintiff's motion and the jury's verdict was read into the record.

We now address the issue raised: Whether a verdict of "zero damages" can be sustained in a comparative negligence case where plaintiff and defendant are found by the jury to be equally at fault and where there is evidence of some injury to plaintiff.

A review of the law of this Commonwealth and the evidence presented at trial leads to the conclusion that the jury verdict of 50 percent causal negligence of defendant and "zero damage" to plaintiff is erroneous as a matter of law, contrary to the instructions of this court and against the evidence presented in this case.

In the recent Pennsylvania case of McIntyre v. Clark, 314 Pa. Super. 552 461 A.2d 295, 298 (1983) the court concluded that with respect to a jury's determination of liability with a verdict of no damages: "We find that the jury's award has no reasonable relation to the damages sustained as indicated by the evidence. The injustice of the verdict stands forth like a beacon. The award is completely inconsistent with the determination of liability and can only be

attributed to some misapprehension or mistake on the part of the jury."

It is the duty of the jury to be governed by the instructions and the law as given by the court. The court instructed the jury that if they found defendant liable, which they did, they "must find an amount of money which . . . will fairly and adequately compensate the Plaintiff for the physical injuries she has sustained." The findings of "zero damages" is certainly inconsistent with the court's instruction. A new trial is appropriate where a jury fails to follow the instructions of the court. Adams v. Scheib, 408 Pa. 452, 184 A.2d 700 (1962).

Also, the verdict of "zero damages" is clearly against the weight of the evidence presented. In Morris v. Peckyno, 202 Pa. Super. 490, 492, 198 A.2d 396, 397 (1964) the court cited 15 Am. Jur., Section 231 stating: "As a rule, a verdict in an action for a personal tort may be set aside as inadequate . . . where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the Plaintiff." In this case there was uncontradicted testimony by three doctors that the accident aggravated plaintiff's pre-existing condition. In Gudat v. Heuberger, 275 Pa. Super. 535, 419 A.2d 30 (1980), a case similar to the instant case, a plaintiff with a pre-existing condition was injured in an automobile collison. The jury found for plaintiff on liability, but only awarded damages for repair of plaintiff's car. Plaintiff in Gudat moved for a new trial arguing that the verdict was against the weight of the evidence and was inadequate. The Pennsylvania Superior Court held that plaintiff was entitled to a new trial given the uncontradicted testimony that the accident aggravated plaintiff's pre-existing condition and plaintiff's testimony of his injuries. The court

concluded that, "the jury must have acted under some misapprehension of the law of evidence." 275 Pa. Super. at p. 542.

By finding plaintiff 50 percent causally negligent the jury was required to find damages which the court would then adjust. The jury found no damages. In Bortner v. Gladfelter, 302 Pa. Super. 492, 448 A.2d 1386 (1982), an action for wrongful death, the jury found that 50 percent of the total causal negligence was attributable to appellee and 50 percent to decedent. When asked to state "the amount of damages, if any, sustained by plaintiff as a result of the accident without regard to and without reduction by the percentage of causal negligence, if any, that you have attributed to the plaintiff's decedent, the jury awarded: "No figure". This suggests that the jury must have been influenced by a misconception of the law or by some other improper consideration. Where a jury refuses to give any recovery at all to a litigant who is entitled to at least some recovery, 'we can have no confidence in the fairness of the jury's deliberations'."

We must conclude that under the evidence plaintiff was either entitled to recover or the jury should have determined the liability issue against her in an amount over 50 percent. Absent such determination, plaintiff was entitled to an award for the elements of damage which the testimony showed she had sustained. The jury was bound to take into consideration those elements of damages which were proved. Since it failed to do so by awarding "zero damages", plaintiff's remedy can only be this court's award of a new trial.

In light of all the foregoing, this court has entered an order dated August 23, 1984 granting plaintiff's motion for new trial.