512 A.2d 713

**William and Lilly COOLEY, Appellants,**

v.

**JEFFERSON BANK and Garrison Express
Company, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued May 29, 1986.

Filed July 22, 1986.

David F. Binder, Philadelphia, for appellants.

Catherine N. Jasons, Philadelphia, for appellees.

Before WIEAND, BECK and JOHNSON, JJ.

WIEAND, Judge:

On November 21, 1979, Lilly Cooley stumbled over a satchel which had been allowed to remain on the floor of the lobby of the Jefferson Bank in Philadelphia. She grabbed a counter to maintain her balance and aggravated the preexisting, degenerative arthritis in her shoulder. A jury found that Mrs. Cooley had been 30% negligent and the Bank 70% negligent. Damages, the jury determined, were in the amount of $48,500. On appeal from the judgment entered on the verdict, Mrs. Cooley contends: (1) that the trial court erred when it refused to instruct the jury on "momentary forgetfulness"; (2) that the trial court erred in failing to instruct the jury that the Bank had to take the plaintiff as it found her; and (3) that the verdict was inadequate. Our review discloses neither trial error nor an inadequate verdict. Therefore, we affirm the judgment.

The doctrine of "momentary forgetfulness" was articulated in *Weitz v. Baurkot*, 267 Pa.Super. 471, 406 A.2d 1138 (1979). The plaintiff in *Weitz*, while distracted by events

around her, stepped into a hole in the floor of the office where she worked and about which she had previously complained. We held that her forgetfulness or inattention could be excused if the circumstances were such that a person of ordinary prudence, so situated, might have forgotten.

■ In the instant case, however, Mrs. Cooley had not been aware of the presence of the satchel before she stumbled over it. The satchel was not an impediment about which she had known but momentarily forgotten. Moreover, there was no evidence to suggest an external distraction. Therefore, the issue for the jury to determine was whether appellant's failure to observe and avoid the satchel on the floor when she turned around to leave the bank was brought about by her own failure to exercise reasonable vigilance and care. This issue was properly submitted to the jury on adequate instructions by the trial court.

Similarly, the jury was adequately instructed regarding the aggravation of appellant's pre-existing, arthritic condition. "A trial judge has wide latitude in charging the jury, and may use any particular language provided the language used adequately and fully conveys to the jury the law applicable to the facts of the case." *Kearns v. Clark,* 343 Pa.Super. 30, 37, 493 A.2d 1358, 1361 (1985), quoting *Fish v. Gosnell,* 316 Pa.Super. 565, 580, 463 A.2d 1042, 1050 (1983). There was neither inadequacy nor inaccuracy in the instructions of the trial court pertaining to the aggravation of Mrs. Cooley's prior condition.

"[The] duty of assessing damages is within the province of the fact-finder and should not be interfered with unless it clearly appears that the amount awarded resulted from partiality, caprice, prejudice, corruption or some other improper influence." *Lokay v. Lehigh Valley Coop. Farmers, Inc.,* 342 Pa.Super. 89, 99, 492 A.2d 405, 410 (1985), quoting *Delahanty v. First Pennsylvania Bank, N.A.,* 318 Pa.Super. 90, 117, 464 A.2d 1243, 1257 (1983). "Generally, a verdict will not be disturbed merely on account of the smallness of the damages awarded or because the review-

ing court would have awarded more." *Morris v. Peckyno*, 202 Pa.Super. 490, 492, 198 A.2d 396, 397 (1964), quoting 15 Am.Jur., Damages § 231. " '[T]o support the granting of a new trial for inadequacy, "the injustice of the verdict should stand forth like a beacon." So long as the verdict bears a reasonable resemblance to the damages proved, it is not the function of the court to substitute its judgment for that of the jury. *Elza v. Chovan*, [396 Pa. 112, 118, 152 A.2d 238, 240 (1959) ]; *Morris v. Peckyno*, 202 Pa.Superior Ct. 490, 492, 198 A.2d 396[, 397] (1964).' " *Dougherty v. Sadsbury Township*, 299 Pa.Super. 357, 359, 445 A.2d 793, 794 (1982), quoting *Rutter v. Morris*, 212 Pa.Super. 466, 469–470, 243 A.2d 140, 142 (1968). Moreover, "[t]he grant of a new trial because of inadequacy of the verdict is a matter peculiarly within the competence of the trial court, and its discretion is considerable. Its action, therefore, will not be disturbed on appeal except where there has been a clear abuse of discretion." *Dougherty v. Sadsbury Township, supra* 299 Pa. Super. at 360, 445 A.2d at 795, citing *Wilson v. Nelson*, 437 Pa. 254, 256, 258 A.2d 657, 658–659 (1969); *Hose v. Hake*, 412 Pa. 10, 14, 192 A.2d 339, 341 (1963); *Elza v. Chovan*, 396 Pa. 112, 118, 152 A.2d 238, 240 (1959).

■ In the instant case, Mrs. Cooley was sixty-one years of age and unemployed at the time of the accident.[1] It was not until after the accident that she went to work as a part time real estate salesperson. Although the evidence suggested that her fall had aggravated a pre-existing arthritic condition, the treatment following the fall had been conservative. Mrs. Cooley had not been hospitalized and had not undergone surgery. At trial, she proved no medical expenses. Although medical testimony showed the possibility of future surgery, the cost of which was estimated to be $12,000 to $13,000, Mrs. Cooley had evidenced a pre-trial reluctance to submit to such surgery. Indeed, she had refused to undergo such surgery prior to trial. The trial court concluded that a verdict of $48,500 was not so inadequate as to require a new trial. Our own examination of

---

1. At the time of trial, she was sixty-six years of age.

the record does not suggest that the trial judge abused his discretion in reaching this conclusion.

Judgment affirmed.