**Grooms v. Ems**

C.P. of Philadelphia County, November Term 2003, no. 3792.

*Samuel Fishman,* for plaintiffs.
*Amy F. Loperfido* and *Cy Goldberg,* for defendants.

DiBONA, *J.,* March 1 , 2006—The plaintiffs brought this action against the defendants[1] for alleged injuries sustained by the plaintiff,[2] Caroline Grooms, in her motor vehicle accident with defendant driver, Kristina Ems, on January 11, 2002. Plaintiff Grooms was hit from the rear by defendant Ems so there was no contest as to liability. This case was tried between October 31, 2005 and November 2, 2005, before this court with a jury. On November 2, 2005, the jury rendered a verdict in favor of the defendant.

This court believes that the jury was unfairly influenced by the prejudicial question of defendant's counsel propounded to plaintiff Grooms on cross-examination concerning the amount that she purportedly received in a 1998 workers' compensation action. Plaintiff's counsel moved for a mistrial which this court took under advisement. This court, believing that said jury verdict could

---

1. Defendant Steven Coleman was the owner of the vehicle and not the driver. Accordingly, he was dismissed from the case.

2. Plaintiff Jesse Grooms had a claim for loss of consortium but failed to appear at the arbitration hearing. Therefore, this court dismissed his claim.

not be allowed to stand, granted a new trial to plaintiff Grooms.

In response to this court's order pursuant to Pa.R.A.P. 1925(b) dated January 20, 2006, the defendant has filed a statement of matters complained of on appeal. However, the defendant has not filed a *concise*[3] statement as Pa.R.A.P. 1925(b) requires. Therefore, this court will set forth the issue essentially raised in the statement.

## ISSUE PRESENTED

Whether this court improperly granted a new trial to plaintiff based on the prejudicial question that defendant's counsel asked the plaintiff on cross-examination?

## LAW DISCUSSION

The grant of a new trial is a matter peculiarly within the competence of the trial court. The trial court's discretion is considerable and its action will not be disturbed on appeal except where there has been a clear abuse of discretion, *Cooley v. Jefferson Bank,* 355 Pa. Super 1, 512 A.2d 713 (1986). In an action where damages are sought, any statement to the jury by counsel that calls the jurors' attention to claims or amounts not supported by the evidence is prejudicial, *Wilson v. Nelson,* 437 Pa. 254, 258 A.2d 657 (1969).

Here, defendant's counsel brought into the trial a spurious question as to whether the plaintiff had received a

---

3. The statement filed by defendant is five pages long with 15 enumerated paragraphs.

payment of $100,000 in a prior workers' compensation case entirely unrelated to the current action. Knowledge of this sum of money received by plaintiff could only prejudice the plaintiff's case in front of the jury. In naming an amount which had previously been paid to plaintiff, counsel was suggesting to the jury something which in their minds takes the place of evidence. This question was clearly inflammatory and made the grant of a new trial by this court necessary because of the injustice of the jury's verdict. The jury was obviously influenced by this prejudicial question.

In *Clark v. Essex Wire Corporation,* 361 Pa. 60, 63 A.2d 35 (1949), the Supreme Court said at pages 65 and 37, respectively:

"This court has said that the propriety of counsel's arguments and remarks to the jury is to be determined by the trial court under all the existing facts and circumstances at trial and that an application . . . [for a mistrial] . . . is addressed to the sound discretion of the trial court, and the refusal of a motion to that effect, because of objectionable remarks to the jury by counsel, is reviewable for abuse of discretion only."

Under all the existing facts and circumstances at this trial, this court could not allow the jury's verdict to stand because of defense counsel's prejudicial question.

Accordingly, the grant of a new trial for plaintiff should be affirmed.